UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA W. HARMON,

      Plaintiff,

v.                  Case No. 24-cv-1146-pp

JESSICA HOSFELT, *et al.*,

      Defendants.

---

**ORDER DENYING PLAINTIFF'S CONSTITUTIONAL CHALLENGE TO NOTICE OF APPEARANCE (DKT. NO. 16) AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 27)**

---

  On February 21, 2025, the court issued an order screening plaintiff Joshua W. Harmon's amended 42 U.S.C. §1983 complaint and allowing him to proceed on state and federal claims against medical and correctional staff at Waupun Correctional Institution. Dkt. No. 18. Before the court entered that order, defense counsel from the Wisconsin Department of Justice (DOJ) accepted service of the complaint and filed a notice of appearance on behalf of the two defendants against whom the court originally had allowed the plaintiff to proceed—Jessica Hosfelt and Dr. Jerome. Dkt. Nos. 12, 13.

  On February 18, 2025, the court received a letter from the plaintiff titled "Constitutional Challenge to a Notice of Acceptance of Service." Dkt. No. 16. The plaintiff says that he "is challenging the constitutionality of the acceptance of service" of the DOJ on behalf of defendant Hosfelt, whom he notes is no longer employed at Waupun. Id. at 1. The plaintiff says that he "seeks to challenge the representation the District Attorney provides on behalf of Defendant Hosfelt"

1

because she "has pending legal charges due to her official duties as a registered nurse working for the State." Id. He asserts that "there is a conflict of interest if the Department of Justice is pursing a conviction against defendant Hosfelt and is also accepting to serve Ms. Hosfelt in a civil case." Id. He contends that "in order to preserve the civil procedure and constitutionality it encompasses, the Department of Justice is conflicting the better interest of this civil case." Id. at 2.

The defendants oppose the motion. Dkt. No. 26. They first observe that the plaintiff provides no legal authority for his challenge, which the court's local rules require. Id. (citing Civil Local Rule 7(a) (E.D Wis.)). They then opine that the plaintiff's motion "seems to be based on a misunderstanding of the differences between the Attorney General, the Wisconsin Department of Justice, and State District Attorneys." Id. at 1–2. The defendants explain that the District Attorney is responsible for prosecuting Hosfelt for her alleged violations of criminal laws, id. at 2 (citing Wis. Stat. §978.05(1)), whereas the Wisconsin DOJ, under the guidance of the Attorney General, is responsible for defending Hosfelt in this civil lawsuit because it alleges misconduct committed in her course of duty while employed by the State of Wisconsin, id. (citing Wis. Stat. § 165.25(6)). Finally, the defendants assert that the court can disqualify and remove an attorney only in limited circumstances and "'when absolutely necessary.'" Id. at 3 (quoting Freeman v. Chi. Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982)). They maintain that there is no conflict here, and that the court should deny the plaintiff's request. Id. The plaintiff did not file a reply brief in support of his challenge.

The court will deny the plaintiff's request. As the defendants point out, the plaintiff has provided no legal authority or basis for removing the Wisconsin DOJ as attorneys for defendant Hosfelt, and there is none. As defense counsel explains, the DOJ is not prosecuting defendant Hosfelt in her pending criminal case. The docket from Hosfelt's state court criminal matter shows that the office of Dodge County District Attorney Andrea M. Will is prosecuting that case, and private counsel is defending Hosfelt. See State v. Hosfelt, Dodge County Case Number 2024CF266 (available at https://wcca.wicourts.gov/case.html). Defense counsel in this civil case is the Wisconsin DOJ. The county district attorney's office and the state attorney general's office are different entities that serve different purposes and enforce different laws. The plaintiff provides no basis in fact or law to suggest a conflict in having the District Attorney of Dodge County prosecute Hosfelt in a state criminal case while the DOJ represents her in this federal civil lawsuit.

Also before the court is the plaintiff's motion for leave to amend his complaint a second time, which the court received on March 17, 2025. Dkt. No. 27. The plaintiff asks to amend his complaint again "so that the pleadings will now coincide and conform to the available evidence." Id. He says that he seeks leave to amend "to preserve viable claims, material to this suit, that this pro se litigant may have not clearly nor articulately expressed in his earlier complaint." Id. He attached a proposed second amended complaint, which is twenty pages long and names seven defendants, including the four against

3

whom he already is proceeding and three that the court dismissed in the previous screening orders. Dkt. No. 27-1.

Because the plaintiff previously amended his complaint, he may amend again "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 instructs courts to "freely give leave when justice so requires." Id. But district courts retain discretion whether to allow amendment and may deny the request because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

The court will deny the plaintiff's motion for leave to amend his complaint a second time. The proposed second amended complaint appears to be markedly similar to the plaintiff's first amended complaint. It names the same defendants that he named in the first amended complaint, which itself named defendants first identified in the original complaint. It appears that he alleges the same conduct and seeks to proceed on the same state and federal claims on which the court already has allowed him to proceed. But the proposed second amended complaint also reasserts claims against the officials in their official capacities and seeks to reinstate defendants that the court dismissed in both screening orders, including former Waupun Warden Randall Hepp and Health Services Unit Manager Ashley Haseleu. The court explained in the second screening order why the amended complaint did not state a claim

against those defendants or against any defendant in their official capacity, and those reasons were the same reasons the court gave for dismissing those defendants and claims from the original complaint. Dkt. No. 18 at 10 (citing Dkt. No. 9 at 11–14). In other words, in his amended complaint the plaintiff failed to correct the errors from his original complaint that led to the dismissal of some defendants and claims, and he now again seeks to correct those same errors with his second amended complaint. The court will not give the plaintiff a third bite at the apple for claims for which he twice has failed to state a basis.

The court also will deny the plaintiff's motion because it does not comply with the court's local rules for amended pleadings. Civil L.R. 15 requires that a party moving to amend must "reproduce the entire pleading as amended," attach the proposed amended pleading to the motion and "state specifically what changes are sought by the proposed amendments." Civil L.R. 15(a)–(b). Although the plaintiff attached the proposed second amended complaint to his motion, he does not explain what *specific* changes he proposes. He vaguely says that the proposed complaint will "coincide and confirm to the available evidence" to "preserve viable claims." Dkt. No. 27. But the plaintiff does not explain what "evidence" necessitated this amendment, nor does he say what "viable claims" he seeks to preserve. He provides no information explaining what is different about his second amended complaint from his first amended complaint. The plaintiff's failure to comply with Rule 15 is an independent reason to deny his motion for leave to amend a second time. See McCurry v. Kenco Logistics Servs., LLC, 942 F.3d 783, 787 n.2 (7th Cir. 2019) (district

courts may strictly enforce local rules against *pro se* parties). The court will not allow the plaintiff to amend his complaint again. The amended complaint, dkt. no. 11-1, remains the operative complaint. This case will proceed against the defendants and on the claims that the court identified in the previous screening order. Dkt. No. 18 at 11.

The court **DENIES** the plaintiff's constitutional challenge to the notice of acceptance of service. Dkt. No. 16.

The court **DENIES** the plaintiff's motion for leave to amend his complaint a second time. Dkt. No. 27. The amended complaint (Dkt. No. 11-1) remains the operative complaint.

Dated in Milwaukee, Wisconsin this 29th day of April, 2025.

                            **BY THE COURT:**

                            _____

                            **HON. PAMELA PEPPER**
                            **Chief United States District Judge**