UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA W. HARMON,

        Plaintiff,

v.                                                       Case No. 24-cv-1146-pp

JESSICA HOSFELT, *et al.*,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT PLEADINGS (DKT. NO. 36), DENYING PLAINTIFF'S MOTION FOR JOINDER OF PARTY (DKT. NO. 38) AND GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY (DKT. NO. 39)**

Plaintiff Joshua W. Harmon is proceeding under 42 U.S.C. §1983 on state and federal claims against medical and correctional staff at Waupun Correctional Institution. Before the court are the plaintiff's motions to supplement the pleadings, dkt. no. 36, for joinder of party, dkt. no. 38, and to substitute a party, dkt. no. 39. The plaintiff also has filed a motion for an order compelling discovery (Dkt. No. 42), a motion to extend discovery (Dkt. No. 47) and a motion to stay proceedings on discovery demands (Dkt. No. 48). The court will address those motions in a separate order once they are fully briefed.

**I.    Plaintiff's Response to Defendant's Answer to Amended Complaint and Response to Supplement Pleadings (Dkt. No. 36)**

On June 17, 2025, the court received the plaintiff's "response to the defendant's [*sic*] answer to the amended complaint . . . and plaintiff's response to supplement the pleadings pursuant to the court's scheduling order." Dkt. No. 36. This document is not so much a motion as it is a paragraph-by-

paragraph response to the defendants' answer to the plaintiff's amended complaint (Dkt. No. 28). The Federal Rules of Civil Procedure do not contemplate a response to a responsive pleading (like an answer), and the plaintiff has not identified any authority for this filing. The plaintiff suggests that he is supplementing his amended complaint under the court's scheduling order. Dkt. No. 30. But that order says nothing about responding to the answer or supplementing the amended complaint with additional information.

Although the plaintiff does not call this document a motion, the court speculates that it is possible that he is seeking to supplement his amended complaint under Fed. R. Civ. P. 15(d), which allows a party "[o]n motion and reasonable notice . . . to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The plaintiff also submitted an affidavit from Jerry Wheeler, an incarcerated person who the plaintiff says will "support [his] claims as a response to the amended complaint." Id. at ¶13; Dkt. No. 37.

If the plaintiff meant for this filing to be a motion to serve a supplemental proceeding, it is insufficient. It does not describe or seek to add details about new events that have occurred since the plaintiff filed his amended complaint. Instead, it counters or disputes the positions the defendants took in their answer, reiterates the claims from the plaintiff's amended complaint and seeks to add new information or allegations about those existing claims. The supplement repeatedly asserts that discovery "can prove" or "will prove" the existence of evidence to support the plaintiff's claims, including claims that the

court dismissed in the screening order. See, e.g., Dkt. No. 36 at ¶¶6–7, 11, 13, 23–24, 26. The plaintiff also asks the court to consider a new affidavit from incarcerated person Jerry Wheeler. It is not clear why the plaintiff now has chosen to submit this affidavit, nor is it clear what new or relevant information this affidavit adds. Regardless of the plaintiff's intended purpose in submitting the document, the court does not allow parties to litigate piecemeal—to provide additional details, defendants or claims "bit by bit in different pleadings." Sales v. Johnson, Case No. 23-cv-397, 2024 WL 1051326, at *1 (E.D. Wis. Mar. 11, 2024) (citing Civil Local Rule 15(a) (E.D. Wis.); Markovic v. Milwaukee Secure Det. Facility, Case No. 19-CV-675, 2019 WL 6729198, at *1 (E.D. Wis. Dec. 11, 2019); Jenkins v. City of Kenosha, Case No. 17-CV-1779, 2018 WL 2727904, at *3 (E.D. Wis. June 6, 2018)). To the extent that the plaintiff seeks to supplement his complaint with this document, the court will deny that request.

The court also speculates that the plaintiff could be seeking to amend his complaint a second time. The court denied the plaintiff's previous request to file a second amended complaint because the proposed second amended complaint improperly sought to reinstate dismissed claims and defendants, failed to correct the errors in the plaintiff's original and first amended complaints and did not comply with the court's local rules for amending pleadings. Dkt. No. 29 at 4–6. The court told the plaintiff that it would "not give [him] a third bite at the apple for claims for which he twice has failed to state a basis" and would "not allow [him] to amend his complaint again." Id. at 5–6. It is not clear whether the plaintiff filed his response to the defendants' answer as

3

another attempt to amend his complaint a second time. But to the extent that the plaintiff is attempting, yet again, to add back into his complaint dismissed claims or defendants or to amend his complaint with additional information, the court will deny his request for the same reasons that it explained in its April 29, 2025 order.

The court will not consider the information in the plaintiff's response to the defendants' answer and will not reinstate any dismissed claims or defendants. The plaintiff **may not** proceed on any claims or against any defendants that the court previously dismissed from this case. To the extent the plaintiff is asking the court to supplement or amend his complaint, the court denies that request. The amended complaint (Dkt. No. 11-1) remains the operative complaint.

## II. Motion to Request Joinder [sic] of Party (Dkt. No. 38)

The plaintiff has filed a motion for joinder of an additional party under Fed. R. Civ. P. 20(a)(2), seeking to add Registered Nurse Gwendolyn Vick as a defendant. Dkt. No. 38. He says that Vick "is a necessary party to obtain complete relief in this action and to preserve the status quo of matters involved in this action pending final disposition." Id. The plaintiff points to an attached exhibit that he says shows that on August 27, 2023, Vick received a call from Sergeant Olson about the plaintiff's tooth falling out and his request to be seen for treatment. Id.; Dkt. No. 38-1. The plaintiff claims that Vick "knew of a serious medical risk to the Plaintiff's health and failed to respond appropriately" in violation of his rights under the Eighth Amendment. Dkt. No.

38 at 2. The defendants oppose the motion, which they assert "would seem to be more properly addressed as a motion to amend the complaint under Fed. R. Civ. Pro. 15." Dkt. No. 40 at ¶3.

The court will deny the plaintiff's motion for joinder. Rule 20(a)(2) permits the joinder of defendants in the same case if the claims asserted against them arise "out of the same transaction, occurrence, or series of transactions or occurrences" and share "any question of law or fact." Fed. R. Civ. P. 20(a)(2). Based on the information in the plaintiff's motion, Vick may have been a proper defendant for the plaintiff to name in this lawsuit. But the plaintiff did not previously name or even mention her as a potential defendant, either in his complaint or in the amended complaint. Instead, he filed this motion seeking to introduce her into this case as an additional defendant.

As the court explained above, the plaintiff may not litigate his case "piecemeal," adding new defendants or claims "bit by bit in different pleadings." Sales, 2024 WL 1051326, at *1. The proper way for the plaintiff to add Nurse Vick as a defendant was to do so through his amended complaint, but he did not name her as a defendant then. Just as the court will not permit the plaintiff to amend his complaint with new details in a response to the defendants' answer, it will not permit him to amend his complaint to add Vick as a defendant through a motion for joinder. The court will deny the plaintiff's request for joinder of Vick.

### III. Motion for Substitution of Party (Dkt. No. 39)

The plaintiff asks to substitute Stacey DeCesare in place of Sergeant Barent, whom he named as a defendant in the amended complaint and against whom the court allowed the plaintiff to proceed. See Dkt. No. 18 at 9. In the April 30, 2025 scheduling order, the court explained that the Wisconsin Department of Justice was unable to identify Sergeant Barent and ordered the plaintiff to "use discovery to identify the proper name of this defendant." Dkt. No. 30 at ¶1. The court ordered the plaintiff to identify the proper name for Sergeant Barent by June 30, 2025, or the court would dismiss him or her from this case. Id.

The plaintiff says that he learned through discovery that Stacey DeCesare is the person who failed to provide him proper medical care in response to his medical emergency on August 27, 2023. Dkt. No. 39 at ¶1; see Dkt. No. 18 at 7. The defendants do not oppose this motion. The court will grant the plaintiff's motion, substitute Stacey DeCesare in place of Sergeant Barent and order service of the amended complaint on Stacey DeCesare.

### IV. Conclusion

The court **DENIES** the plaintiff's motion to supplement the pleadings. Dkt. No. 36. The amended complaint (Dkt. No. 11-1) remains the operative complaint.

The court **DENIES** the plaintiff's motion for joinder. Dkt. No. 38.

The court **GRANTS** the plaintiff's motion to substitute party. Dkt. No. 39. The court **ORDERS** the Clerk of Court to update the docket by substituting Stacey DeCesare in place of Sergeant Barent (Sgt Barent).

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the amended complaint (Dkt. No. 11-1), the screening order (Dkt. No. 18) and this order to the Wisconsin Department of Justice for service on defendant Stacey DeCesare at Waupun Correctional Institution. Under the informal service agreement, the court **ORDERS** defendant DeCesare to respond to the amended complaint within sixty (60) days.

Dated in Milwaukee, Wisconsin this 27th day of August, 2025.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**