UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA W. HARMON,

                Plaintiff,

v.                                           Case No. 24-cv-1146-pp

JESSICA HOSFELT, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DKT. NO. 42), GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY (DKT. NO. 47) AND SETTING NEW DISCOVERY AND DISPOSITIVE MOTIONS DEADLINES, DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS (DKT. NO. 48) AND DENYING AS MOOT DEFENDANTS' MOTION TO EXTEND DISPOSITIVE MOTIONS DEADLINE (DKT. NO. 63)**

---

On August 27, 2025, the court issued an order denying plaintiff Joshua W. Harmon's motion to supplement the pleadings and for joinder of parties but granting his motion to substitute Stacy DeCesare in place of defendant Sergeant Barent. Dkt. No. 51. Counsel for defendant DeCesare since has appeared, dkt. no. 57, and defendant DeCesare has filed an answer to the amended complaint, dkt. no. 59. Before the court are the plaintiff's motions to compel discovery, for additional time to conduct discovery and to stay the proceedings, dkt. nos. 42, 47, 48, and the defendants' motion for an extension of the dispositive motion deadline, dkt. no. 63.

**I.    Motion to Compel Discovery (Dkt. No. 42)**

The court received the plaintiff's motion to compel on July 21, 2025, though he dated it July 18, 2025. Dkt. No. 42 at 2. Under Federal Rule of Civil

Procedure 37(a), the plaintiff seeks an order compelling the defendants to answer his first request for production of documents. Id. at 1. He asserts that on May 16, 2025, he served the defendants with his request. Id. at ¶1 (citing Dkt. No. 42-1 at 1–3). He says that the defendants responded on June 27, 2025, and provided documents and video footage that the plaintiff had requested. Id. at ¶2. The plaintiff says that he attempted to view the video footage at his institution (Oshkosh Correctional Institution), but that the litigation coordinator told him that the prison had not yet received anything for him to view. Id. at ¶3. On July 8, 2025, the plaintiff wrote to defense counsel asking for the video footage to be sent to the litigation coordinator. Id. at ¶4. He says that he also sent defense counsel notice that if counsel did not produce the video by July 18, 2025, "there will be sanctions resulting in [*sic*] the failure to comply." Id. The plaintiff attached to his motion copies of correspondence between himself and the warden and litigation coordinator at Waupun Correctional Institution, where the alleged events occurred. Id. at ¶¶5–7; see Dkt. No. 18. The warden told the plaintiff that that the prison "'still ha[s] the video footage saved.'" Dkt. No. 42 at ¶7 (quoting Dkt. No. 42-1 at 18). He also told the plaintiff "to write to the Oshkosh Litigation Coordinator per [Waupun's] Lit. Coor. since you are now at Oshkosh." Dkt. No. 42-1 at 18. The plaintiff asks the court to compel the defendants "to provide the video footage saved to be inspected for discovery." Dkt. No. 42 at p.2.

On July 31, 2025, the court received a letter from the plaintiff in which he says that he "did receive video surveillance footage from" defense counsel,

2

Case 2:24-cv-01146-NJ    Filed 11/18/25    Page 2 of 10    Document 64

but that this video "was not the requested video [he] need[s]." Dkt. No. 43. He says that he has asked the Oshkosh litigation coordinator to preserve the footage so that he can "prove this is the wrong information." Id.

The defendants respond that the plaintiff failed to meet and confer with them to try to resolve the discovery issue, so the court should deny his motion on that basis alone. Dkt. No. 44 at 1. The defendants assert that the plaintiff "never attempted to confer with the undersigned in *good faith*" about the issues he had viewing the videos. Id. at 5 (emphasis in original). Defense counsel says that he did not receive the plaintiff's letter about the videos until July 17, 2025—only four days before the court received and docketed the plaintiff's motion to compel. Id. Counsel states that, in effect, he had "only one full business day to respond. This is not reasonable and is not an indication of good faith on Plaintiff's part." Id. Counsel says that if the plaintiff "wanted to meet and confer in good faith, he could have at least sent a follow-up letter or given Defendants a reasonable amount of time to respond before filing his motion to compel." Id.

In the alternative, the defendants ask the court to deny the plaintiff's motion because they provided the plaintiff the videos and are investigating his concerns about the videos reflecting the incorrect time. Id. at 6–7. Defense counsel states that after he received the plaintiff's motion to compel, he contacted the litigation coordinator at Oshkosh, who informed counsel that there had been an issue preparing the video for the plaintiff to view. Id. at 2–3. Counsel says that he "promptly remedied the issue and made sure that

[Oshkosh] had the videos." Id. at 3. He says that he since has learned that the videos sent to the facility show events that occurred from 8:30 a.m. to 12:00 p.m., but that the plaintiff requested footage from 8:30 p.m. until 12:00 a.m. the next day. Id. Counsel says that he contacted Waupun (because that is where the requested footage is from) and that he is "in the process of verifying whether the requested video exists and whether the issue can be remedied." Id. Counsel says that he "is currently looking into the issues Plaintiff raised in his latest letter and will update Plaintiff accordingly." Id. at 7.

The plaintiff filed a reply brief and declaration in support of his motion. Dkt. Nos. 55, 56. The court received these documents on October 6, 2025 but the plaintiff dated them September 29, 2025, dkt. no. 55 at 5, and October 1, 2025, dkt. no. 56 at 5. The plaintiff's deadline to file a reply brief was fourteen days after the defendants filed their response. See Civil L.R. 7(c). The defendants filed their response on August 4, 2025, so the deadline for the plaintiff's reply brief was August 18, 2025. Even using the dates of the plaintiff's signatures on his reply documents as the filing dates, they still are over a month late, and the plaintiff has not given the court any reason for the late filings. The court will not consider the plaintiff's belated reply materials in deciding his motion to compel.

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling discovery. Under Rule 37, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it

without court action." Fed. R. Civ. P. 37(a)(1). Like its federal counterpart, this court's Civil Local Rule 37 requires that "[a]ll motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37" include a certification that efforts between the parties to informally resolve the dispute failed. Civil L.R. 37 (E.D. Wis.). The certification "must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." Id. These rules exist because parties often can reach an agreement before involving the court, which saves the parties and the court time and resources.

The plaintiff's motion and exhibits show that he did not in good faith confer or attempt to confer with defense counsel about the video evidence before filing his motion to compel. As the defendant points out, the plaintiff signed his motion to compel on July 18, 2025, and the court received it three days later. Although the plaintiff says that he sent a letter to defense counsel about the video evidence on July 8, 2025, defense counsel did not receive this letter until July 17, 2025. Dkt. No. 45-1 at 11. In that letter the plaintiff demanded that by July 18, 2025 the defendant provide him the video evidence that he had requested, or the plaintiff would file a motion to compel. Id. at 2. That gave defense counsel only one day after receiving the letter to figure out and resolve the issue with the video he already had provided to the plaintiff at Oshkosh. Had the plaintiff made any additional effort to contact defense counsel about this issue or simply waited for defense counsel's response to his letter without setting an arbitrary deadline for compliance, defense counsel

5

could have informed the plaintiff that he had learned about the issues with the video and was investigating ways to solve them. Instead, the plaintiff filed his motion to compel and his additional letter asserting that the video was incorrect. The parties could have, and likely would have, resolved this issue without the court's intervention had the plaintiff followed Federal Rule 37 and Civil Local Rule 37. The court could deny the plaintiff's motion for this reason alone.

But even if the plaintiff had complied with the meet-and-confer requirements, the court still would have denied the plaintiff's motion because it is moot. Defense counsel avers that he has investigated the issues with the video he sent to the plaintiff and discovered how to resolve those issues. He states that if the video that the plaintiff requested exists, he will work with Waupun to determine how to provide it to the plaintiff. There is nothing more that the court could order the defendants to do, even if it were to grant the plaintiff's motion. The court cannot order the defendants to provide video evidence that does not exist.

The court will deny the plaintiff's motion to compel. The court encourages the plaintiff to work with defense counsel to resolve any future discovery issues before asking the court to get involved. The court will summarily deny any future motions to compel that the plaintiff files without complying with the meet-and-confer requirements of Federal Rule 37 and Civil Local Rule 37.

## II. Plaintiff's Motions to Extend Discovery Deadline (Dkt. No. 47) and to Stay Proceedings (Dkt. No. 48); Defendants' Motion to Extent the Dispositive Motions Deadline (Dkt. No. 63)

The plaintiff requests a sixty-day extension of the deadlines for discovery and dispositive motions. Dkt. No. 47. He asks the court to extend the discovery deadline from October 15 to December 15, 2025 and to extend the deadline for dispositive motions from November 15, 2025, to January 15, 2026, to accommodate the requested discovery extension. Id. at 1.

In the alternative, the plaintiff asks the court "to enter an order staying discovery on the plaintiffs' [*sic*] responses to" the defendants' discovery requests. Dkt. No. 48 at 1. The plaintiff says that "there has been a hindrance in the responses to the discovery demands that have prevented the completion of each attempt in obtaining discovery demand from the defendants." Id. He says that he received the defendants' response to his motion to compel, which states that the defendants "are working on plaintiff's discovery request." Id. at ¶4. On August 12, 2025, the plaintiff received the defendants' amended response to his request for documents, which informed him that the video he requested "was not preserved and dose [*sic*] not exits [*sic*]." Id. at ¶2. The plaintiff says that he still has not seen the video he requested from Waupun—the video for August 27, 2023 from 8:30 p.m. to 12:00 a.m. Id. at ¶5. He says that the defendants have not responded to his other discovery demands or his "second request for reproduction of documents." Id. at ¶¶7, 9. The plaintiff asks the court to enter an order staying discovery "pending the defendants'

responses to the discovery demands, as well as any answer [t]o those demands that can be supported by further discovery proceedings." Id. at p.2.

The defendants do not oppose the plaintiff's request to extend the discovery and summary judgment deadlines, but they oppose the plaintiff's request for a stay. Dkt. No. 52. The defendants state they "conducted a diligent search for the requested video footage and learned that the wrong time window was preserved and the requested window no longer exists." Id. They oppose any stay to their "ability to take discovery to defend this matter." Id.

The court will deny the plaintiff's request for a stay but will grant his motion to extend the deadlines for discovery and dispositive motions (which have now passed). The court will set new deadlines for discovery and dispositive motions at the end of this order. These deadlines apply to both the plaintiff and the defendants. The court notes that the parties' briefs on the motions to compel and for a stay confirm that the video footage the plaintiff requested, covering 8:30 p.m. on August 27 to 12:00 a.m. on August 28, 2023, was not preserved at Waupun and does not exist. Because this video footage does not exist, the court will summarily deny any future requests from the plaintiff asking the court to compel production of that video.

The court also will set a new deadline for the defendants to move for summary judgment on exhaustion grounds, which the court stayed pending resolution of the plaintiff's pending motions. Dkt. No. 50.

On November 11, 2025, the court received from the defendants a motion to extend the November 15, 2025 dispositive motion deadline. Dkt. No. 63.

They explain that they have served discovery on the plaintiff, that he's requested additional time to respond and that they have not received his responses. Id. at ¶¶6-10. They also remind the court that there is a newly added defendant. Id. at ¶11. Because the court already has said it will extend the dispositive motions deadlines, it will deny this motion as moot.

### III. Conclusion

The court **DENIES** the plaintiff's motion to compel discovery. Dkt. No. 42.

The court **GRANTS** the plaintiff's motion to extend the deadlines for discovery and dispositive motions. Dkt. No. 47.

The court **ORDERS** that the defendants may move for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies by the end of the day on **January 23, 2026**.

The court **ORDERS** that the parties must serve their discovery requests by a date sufficiently early so that discovery is completed no later than **March 27, 2026** (that means that the parties must serve their requests at least sixty days *before* the deadline to allow the opposing party sufficient time under the rules to respond by the deadline). Parties should serve discovery requests on the opposing parties and must not file them with the court.

The court **ORDERS** that the parties may file motions for summary judgment on the merits, together with supporting materials, no later than **April 30, 2026**. A party opposing a motion for summary judgment must file a response "**within 30 days of service of the motion**." Civil Local Rule 56(b)(2)

(E.D. Wis.). Civil L.R. 56(b)(2) sets forth the documents and information that must be included in a response to a motion for summary judgment.

The court **DENIES** the plaintiff's motion to stay proceedings. Dkt. No. 48.

The court **DENIES AS MOOT** the defendants' motion to extend the dispositive motions deadline. Dkt. No. 63.

Dated in Milwaukee, Wisconsin this 18th day of November, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**